Marian F. Harrison
US Bankruptcy Judge

Dated: 01/11/10

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JULIE ANN ENDERS, ) | CASE NO. 308-04229 |
| ) | CHAPTER 13 |
| **Debtor.** ) | |
| ) | JUDGE GEORGE C. PAINE, II |
| ) | |

_____

## MEMORANDUM OPINION
_____

This matter came before the Court upon the debtor's Expedited Motion to Modify Plan to Surrender Real Estate and Disallow Claim. The Court finds that the motion should be granted.

The following represents the Court's findings of fact and conclusions of law, pursuant to Fed. R. Civ. P. 52(a)(1) as incorporated by Fed. R. Bankr. P. 7052.

## I. BACKGROUND

The debtor filed a voluntary petition under Chapter 13 on May 19, 2008. On June 4, 2008, Countrywide Home Loans, Inc. (hereinafter "Countrywide")[1] filed a secured proof of

---

[1]Countrywide is now known as BAC Home Loans Servicing, LP.

claim in the amount of $267,708.98, asserting a security interest in real property located at 608 Cedar Crest Court, Smyrna, Tennessee 37167. Subsequently, Countrywide amended its secured proof of claim on July 8, 2008. The amendment increased the statement of the ongoing monthly payment, but did not change the amount of the secured claim. On July 15, 2008, this Court entered an order confirming the debtor's Chapter 13 plan. The confirmation order provides that: (1) the debtor shall pay $784 weekly, plus tax refunds; (2) the minimum base shall be at least $203,800, plus tax refunds; (3) the allowed nonpriority unsecured claimholders will be paid a dividend of at least 1.00%; and (4) the "unsecured pool" shall not be less than $17,300. The confirmation order also provides that Countrywide, as a holder of a "long term" debt under 11 U.S.C. § 1322(b)(5), would be paid post-confirmation payments of $1,756.70 per month and an arrearage calculated through July 2008 of $5,505.34, to be paid without interest as a class II secured claim.

On August 7, 2008, this Court granted the debtor's motion to modify the confirmed plan to increase the ongoing mortgage payment to Countrywide to $2,275.56 and to reduce the pool of unsecured funds to $0.00. On July 28, 2009, the debtor filed the motion under consideration here, an Expedited Motion to Modify Plan to Surrender Real Estate and Disallow Claim. The debtor's motion requests a modification to "surrender real estate, reduce plan payments" and "disallow the on-going and arrearage claim (if any) of Countrywide Home Loans." The motion was filed on an expedited basis "so that no further disbursements are made on the secured claim of Countrywide Home Loans, since debtor is

2 - U.S. Bankruptcy Court, M.D. Tenn.

Case 3:08-bk-04229    Doc 117    Filed 01/12/10    Entered 01/12/10 08:46:14    Desc Main
Document    Page 2 of 7

surrendering the collateral which secures that claim." The motion also states that the "debtor no longer has the ability to pay the current plan payment, and the payment must be reduced promptly in order to avoid the debtor defaulting on the plan." The debtor submitted an amended monthly family budget on September 18, 2009. The Chapter 13 Trustee is the only objecting party. Countrywide did not file an objection to the expedited motion to modify or appear at the hearing on the matter. Instead, after the debtor filed her expedited motion to modify, Countrywide filed a motion for relief from the automatic stay. An order granting Countrywide's motion was entered on October 1, 2009.

On October 5, 2009, the Court held a hearing on the debtor's expedited motion and took the matter under advisement. The Court provided counsel one week to file briefs in support of their positions. On October 7, 2009, the case was dismissed. Upon the debtor's motion, an order setting aside dismissal was entered on October 14, 2009, which gave the parties until October 23, 2009, to submit their briefs regarding the Chapter 13 Trustee's objection to the debtor's motion to modify. Beginning July 2009, the debtor has been submitting payments of $265.00 per week to the Chapter 13 Trustee, anticipating that the motion would be granted because the debtor no longer has the ability to pay the full plan payments as confirmed.

## II. DISCUSSION

The sole issue in this case is whether a debtor is permitted to modify a confirmed plan to surrender real estate, reduce plan payments, disallow the secured claim of the creditor secured by the surrendered real estate, and cease disbursements to that secured creditor.

In *Chrysler Fin. Corp. v. Nolan (In re Nolan)*, 232 F.3d 528 (6th Cir. 2000), the debtor was seeking to modify her confirmed Chapter 13 plan in order to surrender a vehicle securing the creditor's claim and reclassify any deficiency as an unsecured claim. The creditor was strongly opposed to the debtor's motion. The Sixth Circuit held that "a debtor cannot modify a plan under section 1329(a) by: 1) surrendering the collateral to a creditor; 2) having the creditor sell the collateral and apply the proceeds toward the claim; and 3) having any deficiency classified as an unsecured claim." *Id.* at 535 (citation omitted). *See also Ruskin v. DaimlerChrysler Serv. N. Am., L.L.C. (In re Adkins)*, 425 F.3d 296 (6th Cir. 2005) (remaining portion of allowed secured claim must be paid on secured basis).

In reaching this decision, the Sixth Circuit recognized five propositions. First, the Court held that 11 U.S.C. § 1329(a) "does not expressly allow the debtor to alter, reduce or reclassify a previously allowed secured claim." *In re Nolan*, 232 F.3d at 532. Instead, 11 U.S.C. § 1329(a)(1) "only affords the debtor a right to request alteration of the amount or timing of specific payments." *Id*. Second, the Court held that such a "proposed modification would violate section 1325(a)(5)(B), which mandates that a secured claim is

fixed in amount and status and must be paid in full once it has been allowed." *Id.* at 533. Third, the Court found that allowing this kind of modification post-confirmation "would contravene section 1327(a), because a contrary interpretation postulates an unlikely congressional intent to give debtors the option to shift the burden of depreciation to a secured creditor by reclassifying the claim and surrendering the collateral when the debtor no longer has any use for the devalued asset." *Id.* Fourth, the Court held that it would be inequitable to allow a debtor to revalue or reclassify a claim because the collateral depreciated when a secured creditor cannot seek to reclassify its claim if the collateral appreciates in value. *Id.* at 534 (citations omitted). Finally, the Court recognized that "section 1329 clearly indicates that modifications after plan confirmation cannot alter a *claim* (a right to a remedy or payment of a certain total amount), but can extend or compress payments and reduce or increase the *amount* of the delivery of value planned as an eventual satisfaction for the creditor's claim." *Id.* at 535 (emphasis in original). The Sixth Circuit's reasoning essentially accords a res judicata effect to a debtor's treatment of a secured claim in a confirmed plan.

The parties have pointed out how the present case might be distinguishable from *In re Nolan*. First, in *In re Nolan*, the debtor sought to surrender a vehicle, which is generally considered to be a depreciating asset. Here, the debtor is seeking to surrender real property,[2] which may or may not be a depreciating asset.

---

[2]Countrywide obtained relief from the automatic stay on October 1, 2009. The debtor did not oppose the relief.

Another possible distinction pointed out by the parties is that the value of the property surrendered in *In re Nolan* was "crammed down" (valued) at confirmation under 11 U.S.C. § 1325(a)(5)(B). Whereas, the debtor in the present case seeks to surrender real property which has not been valued or revalued but which is being paid as a "long-term" debt pursuant to 11 U.S.C. § 1322(b)(2). In *In re Nolan*, the Court held that the proposed modification would allow debtors to "obtain a *double* reduction in debt in many cases, because the creditor already experiences a cram down in valuation at the time of confirmation." *Id.* at 534 (emphasis in original) (citation omitted).

Without passing on these distinctions, the Court notes that here, unlike *any* of the cases discussing *In re Nolan*, which all deal with automobiles and cram-down of deficiencies asserted by the creditor, this case involves both real estate *and* a creditor who has not objected nor asserted any deficiency[3] which would normally involve the reclassification of part of the secured debt as unsecured in violation of *In re Nolan*. In addition, Countrywide's unopposed motion for relief from the automatic stay requests that Countrywide be allowed "to foreclose against and liquidate the property, and if appropriate, to file an unsecured claim." The order granting such relief, which was submitted by Countrywide, mirrors this language. However, Countrywide has not filed a deficiency claim since relief was granted on October 1, 2009, nor has Countrywide objected to the debtor's

---

[3]The Court notes that Tennessee does not restrict a mortgagee's right to recover a deficiency. *See Brown v. P'Pool,* 166 S.W.2d 633, 635 (Tenn. Ct. App. 1942).

6 - U.S. Bankruptcy Court, M.D. Tenn.

motion to modify. Thus, from the record and the lack of objection, Countrywide has accepted its foreclosure or the debtor's surrender as an accelerated full payment on its debt. Based on Countrywide's evident consent to modification, this does not appear to run afoul of *In re Nolan*.

### III. CONCLUSION

Accordingly, the Court finds that the debtor's expedited motion to modify her confirmed plan should be granted.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

7 - U.S. Bankruptcy Court, M.D. Tenn.

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:08-bk-04229    Doc 117    Filed 01/12/10    Entered 01/12/10 08:46:14    Desc Main Document    Page 7 of 7